SHEPHERD, FINKELMAN, MILLER & SHAH, LLP
James C. Shah
Natalie Finkelman Bennett
475 White Horse Pike
Collingswood, NJ 08107
856/858-1770
jshah@sfmslaw.com
nfinkelman@sfmslaw.com

[Additional Counsel On Signature Page]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SPARKLE HILL, INC., individually and as the representative of a class of similarly-situated persons,<br><br>     Plaintiff,<br><br>  v.<br><br>INVECOR, LLC d/b/a AMB BUSINESS SUPPLY,<br><br>     Defendant. | Case No.: 13-cv-04172-NLH-AMD<br><br>**THIRD AMENDED<br>CLASS ACTION COMPLAINT** |

  Plaintiff, Sparkle Hill, Inc. ("Plaintiff"), brings this action on behalf of itself and all other persons similarly situated, through its attorneys, and except as to those allegations pertaining to Plaintiff or its attorneys, which allegations are based upon personal knowledge, alleges the following upon information and belief against Defendant, Invecor, LLC d/b/a AMB Business Supply ("Defendant").

### PRELIMINARY STATEMENT

  1. This case is a consumer class action related to Defendant's practice of sending unsolicited facsimiles.

  2. The Federal Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), prohibits a person or entity from faxing or having an agent fax advertisements without the

Case 1:13-cv-04172-NLH-AMD   Document 73-1   Filed 01/28/14   Page 3 of 16 PageID: 3038

recipient's prior express invitation or permission. The TCPA provides a private right of action and statutory damages of $500 per violation. The New Jersey Fax Statute, N.J.S.A. 56:8-157, *et seq.* (hereinafter the "NJ TCPA" or "New Jersey Junk Fax Statute"), is part of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 *et seq.*, and prohibits a person or entity from faxing or having an agent fax advertisements without the recipient's prior express invitation or permission. The NJ TCPA also provides for statutory damages of $500 per violation.

3. Unsolicited faxes damage their recipients. A junk fax recipient loses the use of its fax machine, paper, and ink toner. An unsolicited fax wastes the recipient's valuable time that would have been spent on something else. A junk fax interrupts the recipient's privacy. Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipient's fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

4. On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendant under the TCPA, the New Jersey Junk Fax Statute, and the New Jersey Consumer Fraud Act, 56:8-1 ("CFA").

5. Plaintiff seeks an award of statutory damages, individually and on behalf of the Class, for each violation of the TCPA and the New Jersey Junk Fax Statute.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

7. Venue in this district is proper because Plaintiff resides in this district and Defendant committed a statutory tort in New Jersey and within this judicial district.

## PARTIES

8. Plaintiff is a corporation organized under the laws of the State of New Jersey with its principal place of business in New Jersey. Plaintiff, thus, is a citizen of New Jersey.

9. Defendant is a Michigan limited liability company with its principal place of business located in Troy, Michigan. Defendant, thus, is a citizen of Michigan. Defendant operates an office supply business under the name AMB Business Supply.

## FACTS

10. On or about January 24, 2007, Defendant transmitted by telephone facsimile machine a facsimile to Plaintiff. A copy of that facsimile is attached hereto as Exhibit A.

11. Defendant created or made Exhibit A, which is a good or product which Defendant distributed to Plaintiff and the other members of the Class.

12. Exhibit A is a part of Defendant's work or operations to market Defendant's goods or services which was performed by Defendant and on behalf of Defendant. Therefore, Exhibit A constitutes material furnished in connection with Defendant's work or operations.

13. Plaintiff had not invited or given permission to Defendant to send it faxes.

14. There is no reasonable means for Plaintiff (or any other Class member) to avoid receiving unauthorized faxes. Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

15. On information and belief, Defendant faxed the same or similar unsolicited facsimiles to Plaintiff and at least hundreds of other recipients without first receiving the recipients' express permission or invitation.

16. Defendant's facsimiles did not display a proper opt-out notice as required by 47 C.F.R. 64.1200.

## COUNT I

### TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227

17. Plaintiff, on behalf of itself and all others similarly situated, incorporates Paragraphs 1 through 18 as though fully set forth herein, as and for its paragraph 19.

18. In accordance with Fed. R. Civ. P. 23, Plaintiff brings Count I pursuant to the TCPA, on behalf of the following class of persons:

> All persons who (1) on or after September 21, 2005, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendant, (3) from whom Defendant did not obtain prior express permission or invitation to send those faxes, (4) with whom Defendant did not have an established business relationship, and (5) which did not display a proper opt out notice ("Class").

Excluded from the Class are Defendant, its members, managers, employees, agents, and the members of the Judiciary.

19. A class action is warranted because each of the elements of Fed. R. Civ. P. 23 has been satisfied.

20. <u>Numerosity [Fed. R. Civ. P. 23(A)(1)]</u>. The Class includes at least hundreds of persons and, therefore, is so numerous that individual joinder would be impracticable.

21. <u>Commonality [Fed. R. Civ. P. 23(A)(2)]</u>. Common questions of law and fact apply to the claims of all Class members, including, but not limited to the following:

(i) Whether Defendant sent unsolicited fax advertisements;

(ii) Whether Defendant's facsimiles advertised the commercial availability of property, goods, or services;

(iii)   The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements;

(iv)   Whether Defendant faxed advertisements without first obtaining the recipients' express permission or invitation;

(v)   Whether Defendant violated the provisions of 47 U.S.C. § 227;

(vi)   Whether Plaintiff and the other Class members are entitled to statutory damages;

(vii)   Whether Defendant should be enjoined from faxing advertisements in the future;

(viii)   Whether the Court should award treble damages; and

(ix)   Whether Exhibit A and the other advertisements displayed the proper opt-out notice required by 47 C.F.R. 64.1200.

22.   <u>Typicality [Fed. R. Civ. P. 23(a)(3)]</u>.   Plaintiff's claims are typical of the claims of all Class members.   Plaintiff received a facsimile sent by or on behalf of Defendant that advertised Defendant's goods and services during the Class period.   Plaintiff is making the same claims and seeking the same relief for itself and all Class members based on the same federal statute, and Defendant has acted in the same or in a similar manner with respect to Plaintiff and all Class members.

23.   <u>Fair and Adequate Representation [Fed. R. Civ. P. 23(a)(4)]</u>.   Plaintiff will fairly and adequately represent and protect the interests of the Class.   Plaintiff is interested in this matter, has no conflicts, and has retained experienced class counsel to represent the Class.

24. <u>Predominance and Superiority [Fed. R. Civ. P. 23(b)(3)]</u>. Rule 23(b)(3) requires that common questions of law or fact predominate over individual questions. As discussed above, common legal issues predominate because the Class members' claims arise under the same federal statute – *i.e.*, 47 U.S.C. § 227. Common fact issues also predominate. Rule 23(b)(3) also requires that a class action be the superior method for adjudicating the claims. Certifying a class is the "superior" way where, as here, the class action would achieve economies of time, effort, and expense, and promote uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results. The interest of each individual Class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

25. The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine...." 47 U.S.C. § 227(b)(1).

26. The TCPA defines "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227(a)(4).

27. The TCPA provides:

> 3. <u>Private right of action</u>. A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:
>
> (A) An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>
> (B) An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

(C)   Both such actions.

28.   The Court, in its discretion, can treble the statutory damages if the violation was knowing. 47 U.S.C. § 227.

29.   Defendant violated 47 U.S.C. § 227 *et seq.*, by sending advertising faxes (such as Exhibit A) to Plaintiff and the other members of the Class without first obtaining their prior express invitation or permission and by not displaying the proper opt-out notice required by 47 C.F.R. 1200.64.

30.   The TCPA is a strict liability statute, so Defendant is liable to Plaintiff and the other Class members even if its actions were only negligent.

31.   Defendant knew or should have known that (a) Plaintiff and the other Class members had not given express invitation or permission for Defendant or anyone else to fax advertisements about Defendant's goods or services, (b) that Plaintiff and the other Class members did not have an established business relationship with Defendant, and (c) that Exhibit A is an advertisement.

32.   Defendant's actions caused damages to Plaintiff and the other Class members. Receiving Defendant's junk faxes caused the recipients to lose paper and toner consumed in the printing of Defendant's faxes. Moreover, Defendant's faxes used Plaintiff's fax machine, cost Plaintiff time that was wasted receiving, reviewing and routing Defendant's unauthorized faxes that otherwise would have been spent on Plaintiff's business activities, and unlawfully interrupted Plaintiff's and the other Class members' privacy interests in being left alone.

WHEREFORE, Plaintiff, SPARKLE HILL, INC., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant, INVECOR, LLC d/b/a AMB BUSINESS SUPPLY as follows:

A.    That the Court adjudge and decree that the present case be properly maintained as a class action, appoint Plaintiff as the representative of the Class, and appoint Plaintiff's counsel as counsel for the Class;

B.    That the Court award $500 in damages for each violation of the TCPA;

C.    That the Court enter an injunction prohibiting Defendant from engaging in the statutory violations at issue in this action; and

D.    That the Court award costs and such further relief as the Court may deem just and proper.

## COUNT II

### VIOLATION OF THE NEW JERSEY JUNK FAX STATUTE, N.J.S.A 56: 8-157, *et seq.*

33.   Plaintiff, on behalf of itself and all others similarly situated, incorporates Paragraphs 1 through 32 as though fully set forth herein, as and for its paragraph 33.

34.   In accordance with Fed. R. Civ. P. 23, Plaintiff brings Count II for violation of the New Jersey Junk Fax Statute (56:8-157, *et seq.*), which is part of the CFA (56:8-1 *et seq.*), on behalf of the following Class of persons:

> All New Jersey residents who (1) on or after January 1, 2006, (2) were sent unsolicited advertisements by or on behalf of Defendant, (3) with respect to whom Defendant did not have prior express permission or invitation for the sending of such faxes, (4) with whom Defendant did not have an established business relationship, and (5) which unsolicited advertisements did not comply with the requirements of N.J.S.A. 56:8-157 *et. seq* ("NJ Class").

35.   A class action is warranted because:

(a)   On information and belief, the NJ Class includes at least hundreds of persons and is so numerous that joinder of all members is impracticable.

(b) There are questions of fact or law common to the NJ Class predominating over questions affecting only individual NJ Class members, including, without limitation:

(i) Whether Defendant sent unsolicited fax advertisements;

(ii) Whether Defendant's facsimiles advertised the commercial availability of property, goods, or services;

(iii) The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A, and other unsolicited faxed advertisements;

(iv) Whether Defendant faxed advertisements without first obtaining the recipients' express permission or invitation;

(v) Whether Defendant violated the provisions of N.J.S.A. 56:8-1, *et seq.* and 56:8-157, *et seq.*;

(vi) Whether Plaintiff and the other Class members are entitled to statutory damages;

(vii) Whether Defendant should be enjoined from faxing advertisements in the future;

(viii) Whether the Court should award double statutory damages for willful acts;

(ix) Whether the Court should award treble damages and attorneys' fees under N.J.S.A. 56:8-1, *et seq.*; and

(x) Whether Exhibit A and the other advertisements displayed the clear and conspicuous notice required by N.J.S.A. 56-158(b).

36. Plaintiff will fairly and adequately protect the interests of the other NJ Class members. Plaintiff's counsel are experienced in handling class actions and claims involving unsolicited advertising faxes. Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the absent NJ Class members.

37. A class action is an appropriate method for adjudicating this controversy fairly and effectively. The interest of each individual NJ Class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

38. The CFA and the New Jersey Junk Fax Statute prohibit a person from using any telephone facsimile machine, computer or other device from sending an unsolicited advertisement to a telephone facsimile machine within this state.

39. The CFA, which incorporates the New Jersey Junk Fax Statute, defines "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods or services which is transmitted to any person without that person's prior express invitation or permission."

40. The Court shall award actual damages sustained or $500 for each violation, whichever is greater, along with costs of the suit, reasonable attorneys' fees and to enjoin future violations. If the Court finds that Defendant was requested to cease and desist, the Court shall award $1,000 for each subsequent transmission along with costs of suit and reasonable attorneys' fees. N.J.S.A. 56:8-159.

41. Defendant violated N.J.S.A. 56:8-157, *et seq.* and 56:8-1, *et seq.* by sending unsolicited advertisements (such as Exhibit A) to Plaintiff and other members of the NJ Class without first obtaining their prior express permission or invitation and by not displaying clear

and conspicuous opt-out notices on the first page of the unsolicited advertisements as required by N.J.S.A. 56:8-158.

42. The New Jersey Junk Fax Statute is a strict liability statute and Defendant is liable to Plaintiff and the other NJ Class members even if its actions were only negligent.

43. Defendant knew or should have known that Plaintiff and the other NJ Class members had not given express invitation or permission for Defendant or anyone else to fax advertisements about Defendant's good or services, that Defendant did not have an established business relationship with Plaintiff and the other NJ Class members, that Exhibit A and the other advertisements Defendant sent were advertisements, and that Exhibit A and the other advertisements Defendant sent did not display the proper opt-out notice as required by N.J.S.A. 56:8-158.

44. Defendant's actions caused damages to Plaintiff and the other NJ Class members. Receiving Defendant's junk faxes caused the recipients to lose paper and toner consumed in the printing of Defendant's faxes. Moreover, Defendant's faxes used Plaintiff's fax machine. Defendant's faxes cost Plaintiff time, as Plaintiff and its employees wasted their time receiving, reviewing and routing Defendant's unauthorized faxes. That time otherwise would have been spent on Plaintiff's business activities. Defendant's unauthorized faxes interrupted Plaintiff's and the other NJ Class members' privacy interests in being left alone. Finally, the injury and property damage sustained by Plaintiff and the other members of the NJ Class from the sending of Exhibit A occurred outside of Defendant's premises.

45. Even if Defendant did not intend to cause damage to Plaintiff and the other NJ Class members, did not intend to violate their privacy, and did not intend to waste the recipients'

valuable time with Defendant's advertisements, those facts are irrelevant because the New Jersey Junk Fax Statute is a strict liability statute.

WHEREFORE, Plaintiff, SPARKLE HILL, INC., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant, INVECOR, LLC d/b/a AMB BUSINESS SUPPLY as follows:

A. That the Court adjudge and decree that the present case may be properly maintained as a Class action, appoint Plaintiff as the representative of the Class, and appoint Plaintiff's counsel as counsel for the Class;

B. That the Court award $500 in damages for each violation of the CFA (56:8-1, *et seq.*) and the New Jersey Junk Fax Statute (56:8-157, *et seq.*), and $1,000 to each Class member that requested Defendant to remove its fax number; and

C. That the Court award attorneys' fees, costs and such further relief as the Court may deem just and proper.

## COUNT III

### VIOLATION OF THE NEW JERSEY CONSUMER FRAUD ACT 56: 8-1 et seq.

46. Plaintiff, on behalf of itself and all others similarly situated, incorporates Paragraphs 1 through 45 as though fully set forth herein, as and for its paragraph 46.

47. In accordance with Fed. R. Civ. P. 23, Plaintiff brings Count III for violation of the New Jersey Consumer Fraud Act (56:8-1, *et seq.*), on behalf of the following NJ Class of persons:

> All New Jersey residents who (1) on or after January 1, 2006, (2) were sent unsolicited advertisements by or on behalf of Defendant, (3) with respect to whom Defendant did not have prior express permission or invitation for the sending of such faxes, (4) with whom Defendant did not have an established business relationship, and (5) which unsolicited

Case 1:13-cv-04172-NLH-AMD   Document 73-1   Filed 01/28/14   Page 14 of 16 PageID: 3049

> advertisements did not comply with the requirements of N.J.S.A. 56:8-157, *et. seq.*

48. Defendant's faxes are an "advertisement" as defined by N.J.S.A. 56:8-1(a).

49. Plaintiff, and all those similarly situated are "persons" as defined by N.J.S.A. 56:8-1(d).

50. Defendant's violation of the New Jersey Junk Fax Statute constitute a *per se* violation of the New Jersey CFA, as the New Jersey Junk Fax Statute was promulgated pursuant to the CFA.

51. Defendant's practice of transmitting unauthorized advertisements that include and/or exclude prohibited terms and/or information including, but not limited to *per se* violations of the CFA, constitutes an unlawful act and an unconscionable commercial practice under the CFA.

52. As a direct result of the above-referenced statutory violations, Plaintiff and all those similarly situated have suffered ascertainable losses and are entitled to statutory compensation as required under N.J.S.A. 56:8-157, *et seq.*

WHEREFORE, Plaintiff, SPARKLE HILL, INC., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant, INVECOR, LLC d/b/a AMB BUSINESS SUPPLY as follows:

A. For injunctive relief prohibiting Defendant from future violations of the New Jersey Junk Fax Statute, 56:8-157, *et seq.*;

B. For a declaratory judgment that the Defendant violated N.J.S.A. 56:8-157, *et seq.*;

C. That the Court adjudge and decree that the present case be properly maintained as a Class action, appoint Plaintiff as the representative of the Class, and appoint Plaintiff's counsel as counsel for the Class;

D. For maximum statutory damages for each separate violation of the CFA (56:8-1, *et seq.*) and the New Jersey Junk Fax Statute (56:8-157, *et seq.*) and all other applicable statutes;

E. That the Court award $500 in damages for each violation of the CFA (56:8-1, *et seq.*) and the New Jersey Junk Fax Statute (56:8-157, *et seq.*);

F. For reasonable attorneys' fees and costs of suit in connection with this action pursuant to N.J.S.A. 56:8-19;

G. For pre-judgment and post-judgment interest; and

H. For other and further relief as Plaintiff and all others similarly situated may be entitled or as the Court deems equitable.

## NOTICE TO ATTORNEY GENERAL

A copy of this Class Action Complaint will be mailed to the Attorney General of the State of New Jersey within ten (10) days after filing with the Court, pursuant to N.J.S.A. 56:8-20.

Dated: January 28, 2014

Respectfully submitted,

SPARKLE HILL, INC., individually and as the representative of a class of similarly-situated persons

By: /s/ James C. Shah
James C. Shah
Natalie Finkelman Bennett
Shepherd, Finkelman, Miller & Shah, LLP
475 White Horse Pike
Collingswood, NJ 08107
Telephone: 856/858-1770
jshah@sfmslaw.com
nfinkelman@sfmslaw.com

Brian J. Wanca
***Anderson + Wanca***
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Telephone: 847/368-1500
bwanca@andersonwanca.com

Philip A. Bock
***Bock & Hatch, LLC***
134 N. LaSalle Street, Suite 1000
Chicago, IL 60602
Telephone: 312/658-5500
phil@bockhatchllc.com