**UNITED STATES DISTRICT COURT**
                       **DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SPARKLE HILL, INC., *individually and as the representative of a class of similarly-situated persons*, <br>  Plaintiff, <br><br> v. <br><br> Invecor, LLC, *doing business as* AMB Business Supply, <br>  Defendant. | Civil No. 13-4172 (NLH/AMD) <br><br> **MEMORANDUM OPINION & ORDER TO SHOW CAUSE** |

**APPEARANCES**

JAMES C. SHAH
SHEPHERD, FINKELMAN, MILLER & SHAH, LLP
475 WHITE HORSE PIKE
COLLINGSWOOD, NJ 08107-1909

PHILLIP A. BOCK
BOCK, HATCH, LEWIS &
OPPENHEIM, LLC
134 N. LA SALLE ST., STE. 1000
CHICAGO, IL 60603

BRIAN J. WANCA
ANDERSON + WANCA
3701 ALGONQUIN ROAD, SUITE 760
ROLLING MEADOWS, IL 60008

   *On behalf of Plaintiff*

JOHN H. KING
THOMPSON, BECKER & BOTHWELL, LLC
WOODCREST PAVILION
TEN MELROSE AVENUE
SUITE 100
CHERRY HILL, NJ 08003

DAVE E. KAWALA
CATHERINE BASQUE WEILER
SWANSON, MARTIN & BELL, LLP
330 NORTH WABASH, SUITE 3300
CHICAGO, IL 60611

*On behalf of Defendant*

**HILLMAN**, District Judge

WHEREAS, this case concerns Plaintiff's claims that Defendant violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, when it engaged Business to Business Solutions ("B2B"), which sold fax blasting services, to send out 34,668 faxes to advertise its business to 28,836 different fax numbers; and

WHEREAS, on October 24, 2017, the Court granted Plaintiff's motion for summary judgment as to liability only, finding that the certified class was entitled to judgment in its favor for each advertisement faxed that failed to contain the proper opt-out notice to each class member (Docket No. 139 at 14); and

WHEREAS, the Court noted that because Plaintiff did not provide the Court with any notices from class members who had opted out of this litigation, the Court could not enter final judgment until the precise number of unsolicited faxes and class members was established, and that the assessment of damages was not quantifiable at that time, as it was possible that class members suffered damages in excess of the $500 statutory penalty, 47 U.S.C. § 227(b)(3) (the recipient may recover for

2

its actual monetary loss, or receive $500 per fax, whichever is greater) (Docket No. 139 at 14 n.3); and

WHEREAS, the Court Ordered that Plaintiff was to (1) inform the Court on the status of its state law claims, which were pleaded in the complaint but for which it did not seek summary judgment, (2) provide documentation to demonstrate class member opt-out notices, if any; and (3) provide a proposed form of judgment as to the TCPA claims, along with an explanation of its conclusion that no class member seeks damages in excess of $500 (Docket No. 139 at 14); and

WHEREAS, the Court further directed the parties to confer as to whether a judgment in a significantly smaller sum would likely provide full statutory recovery to all class members who filed claims (Docket No. 139 at 15 n.4); and

WHEREAS, Plaintiff has complied with the Court's direction, by filing a stipulation of dismissal for Plaintiff's state law claims, providing documentation as to one opt-out, providing a form of judgment, and relating that Plaintiff and Defendant conferred regarding the amount of the judgment (Docket No. 141, 142, 143); and

WHEREAS, the Court has not received any communication from Defendant, aside from its counsel's signature on the stipulation of dismissal of Plaintiff's state law claims, since it filed its opposition to Plaintiff's motion on July 1, 2016 (Docket No.

123);

THEREFORE,

IT IS on this __13th__ day of __December__, 2017

ORDERED that due to the type of case, the nature of the defendant company, and the amount of the statutory damages to be imposed, the Court shall afford Defendant 30 days from the date of this Order to show cause as to why judgment in the amount of $17,333,500.00 (which is $500 in statutory damages for each time one of Defendant's 34,667 unsolicited faxes was successfully sent to the 28,835 class members) should not be entered against it; and

WHEREAS, if Defendant fails to respond, or otherwise does not present a valid reason against the entry of such judgment, the Court will certify the class as final, and enter judgment in Plaintiff's favor and against Defendant in the amount of $17,333,500.00.

At Camden, New Jersey
                                        s/ Noel L. Hillman
                                        NOEL L. HILLMAN, U.S.D.J.