**THOMPSON BECKER & BOTHWELL, L.L.C.**
By: John H. King, Esquire - I.D. #020101995
Ten Melrose Avenue
Woodcrest Pavilion, Suite 400
Cherry Hill, New Jersey 08003
Phone: (856) 616-8886
Fax:  (856) 616-9118
jking@tbblawfirm.com
Our File No. 0800-001
Attorneys for Defendant.

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SPARKLE HILL, INC., individually and as the representative of a class of similarly-situated persons,<br><br>                              Plaintiff,<br><br>      v.<br><br>INVECOR, LLC, d/b/a AMB BUSINESS SUPPLY,<br><br>                            Defendant. | Case No. 1:13-cv-04172-NLH-AMD<br><br>**RESPONSE TO<br>ORDER TO SHOW CAUSE** |

On December 13, 2017, this Court issued an order to Defendant Invecor, LLC d/b/a AMB Business Supply, to show cause as to why judgment of $17,333,500.00 for each unsolicited fax allegedly sent by Invecor should not be entered against it.  First and foremost, Invecor asks that this Court stay any judgment order pending resolution of ongoing litigation related to insurance coverage relevant to these proceedings.  Second, Invecor asks that, in the event this Court proceeds with the entry of judgment for the full amount of the claimed damages in this case - $17,333,500.00 – that this Court include additional language requiring that claims should be paid as made, and any

1

funds unclaimed by class members will revert back to Invecor and, relatedly, that class counsel shall be awarded costs and fees based on the amount of damages which are actually collected. In support of this response, Invecor states as follows:

    This Court has entered summary judgment for Plaintiff on its claim that Invecor violated the Telephone Consumer Protection Act (TCPA), 47 U.S.C. §227. (Doc. 139 at 3). This Court has also approved a class of individuals – the owners of 28,836 fax numbers to which Invecor's faxes were sent. (Doc. 139 at 3-4). In total, this Court has determined that class members are eligible for $500 in statutory fees for each of the 34,667 faxes sent: $17,333,500. (Doc. 144 at 4). However, this Court asked that the parties confer about whether

    With that in mind, this Court has asked Invecor to show cause why it should not enter judgment in favor of the Plaintiff for $17,333,500. As a preliminary matter, Invecor asks that this Court refrain from entering judgment until a related declaratory judgment action currently pending in Michigan is resolved. That litigation is proceeding in the Circuit Court for the County of Oakland and is captioned *Amco Insurance Company v. Invecor, LLC d/b/a AMB Business Supply and Sparkle Hill Inc.*, No. 16-154201-CK, and defendant Amco seeks a declaratory judgment that Invecor is not entitled to coverage for paying any damages arising out of the claims at issue in this case. The parties to that case have fully briefed motions for summary determination, and the circuit court is scheduled to rule on the motion on January 17, 2018.

    To the extent that this Court elected to proceed with entering a judgment for the amount claimed by the Plaintiff, Invecor asks that this Court do so with language

mandating that any funds should be distributed only to those class members who seek to collect compensation, with any unclaimed amount of the judgment reverted back to Invecor. This Court has the equitable power to enter such an order, which would simultaneously address both this Court's suggestion that the parties determine whether a reduced judgment fund would be appropriate to address the relatively small number of class members this Court anticipates will seek payment in this case; and also the district court's concerns discussed in *City Select Auto Sales, Inc. v. David Randall Assocs., Inc.*, 2017 WL 1170828, *3 (D. N.J. March 20, 2017).

As this Court observed in its October 25, 2017 summary judgment order, the *City Select* court concerned a similar TCPA claim (involving the same attorneys representing the instant Plaintiff), and a similarly substantial statutorily-prescribed damages – there, $22,405,000. *City Select*, 2017 WL 1170828, *3. The *City Select* court suggested that the parties consider whether judgment in a significantly small sum would still provide full statutory recovery to all probable class members who would respond and file claims, given the anticipated 15 percent yield on the class notice. *City Select v. David Randall Assocs., Inc.*, 96 F.Supp.3d 403, 427, n. 20. (D. N.J. 2015). Ultimately, though, the district court declined to reduce the full amount of the judgment. *City Select*, 2017 WL 1170828, *3. The district court explained:

> [T]he Court finds no support of David/Randall's position that the Judgment entered against David/Randall should, at this time, be confined to an amount less than $22,405,000. Nor has David/Randall provided any convincing authority in support of its position. Indeed, the sole case cited by David/Randall, *Ira Holtzman, C.P.A. v. Turza*, 728 F.3d 682 (7th Cir. 2013), does not indicate a judgment in the statutory amount may be reduce at the outset or in its final form, based upon projected claim

> participation. Rather, *Holtzman* only stands for the proposition that, if the defendant "pays more than enough to satisfy all claims by class members," the district court must "decide whether the residue," if any, "goes back to [the defendant]," excheats to the state, provides an "augmented recovery for those class members who submitted claims," or goes "to a group that will use the money for the benefit of class members."

*City Select*, 151 F.Supp.3d 508, n. 6 (D. N.J. 2015).

With that precedent in mind, Invecor does not ask that this Court *reduce* the judgment to an amount *likely* to satisfy the class. Rather, Invecor asks that this Court use its equitable power to award the statutory damages at issue, but only on a claims made basis, with the residual amount of the unclaimed funds to revert to Invecor. It is well-settled that most class actions result in unclaimed funds. *Six (6) Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1307 (9th Cir. 1990). To address that issue, "[f]ederal courts have broad discretionary powers in shaping equitable decrees for distributing unclaimed class action funds." *Id*. Among other things, courts may allow for unclaimed funds to revert to the defendant, to escheat to the state, or to be awarded as a *cy pres* to a specific charity. 4 Newberg on Class Actions §12:28 (5th ed.). Some states have enacted residual fund statutes which address the manner in which courts should redistribute unclaimed funds. 4 Newberg on Class Actions §12:35 (5th ed.). Courts may, in such situations, amend the final judgment *after* all class member claims are paid.

Invecor asks that, if this Court enters a judgment here, it do so a judgment using similar language. Such a judgment order would avoid the problem identified in *City Select* – the potential that judgment would be entered in an amount insufficient to

4

compensate all class members who may come forward – as well as the question of whether this Court has the authority to enter a judgment for less than the amount allowed under the TCPA.  It would also, though, recognize the reality that many class members will not submit claims, and the enormous judgment contemplated under the statute will likely far exceed any realized payments.

To be sure, it is unlikely that a now-inactive company such as Invecor would be able to pay *any* judgment entered in this matter.  Staying judgment pending resolution of the declaratory judgment action will give both the parties and the Court more direction in that regard.  However, to the extent that this Court proceeds with entering judgment, Invecor asks that this Court enter judgment in the amount contemplated under the statute - $17,333,500 – but with payments made on an as-claimed basis, with all unclaimed funds ordered to revert back to Invecor.

## **CONCLUSION**

WHEREFORE, Defendant, INVECOR, LLC d/b/a AMB BUSINESS SUPPLY, prays that this Honorable Court enter an order staying these proceedings pending resolution of *Amco Insurance Company v. Invecor, LLC d/b/a AMB Business Supply and Sparkle Hill Inc.*, No. 16-154201-CK, Circuit Court of Oakland County, Michigan; or, alternatively, enter judgment against Invecor of $17,333,500, but to be paid only on an as-claimed basis, with the residual of any unclaimed amount to be returned to Invecor.

                        Respectfully submitted:

                        /s/ *John H. King*
By:  _____
                        One of the attorneys for Defendant INVECOR,
                        LLC D/B/A AMB BUSINESS SUPPLY.

Dated: January 11, 2018.

John H. King, Esquire - I.D. #020101995
THOMPSON BECKER & BOTHWELL, L.L.C.
Ten Melrose Avenue
Woodcrest Pavilion, Suite 400
Cherry Hill, New Jersey 08003
Phone: (856) 616-8886
Fax: (856) 616-9118
jking@tbblawfirm.com
Our File No. 0800-001

and

David E. Kawala, ARDC # 6191156
Catherine Basque Weiler, ARDC #6271923
SWANSON, MARTIN & BELL, LLP
330 North Wabash, Suite 3300
Chicago, Illinois 60611
Phone: (312) 321-9100
Fax: (312) 321-0990
cweiler@smbtrials.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing **Motion to Quash** was served upon all attorneys of record on June 17, 2015, by Electronic Filing.

/s/ *John H. King*

John H. King, Esquire - I.D. #020101995
THOMPSON BECKER & BOTHWELL, L.L.C.
Ten Melrose Avenue
Woodcrest Pavilion, Suite 400
Cherry Hill, New Jersey 08003
Phone: (856) 616-8886
Fax: (856) 616-9118
jking@tbblawfirm.com